IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AMUR FINANCE COMPANY, INC.<br>and AMUR FINANCE IV LLC, | § § § | No. 7, 2018 |
| Defendants-Below,<br>Appellants, | § § § | Court Below—Court of Chancery<br>of the State of Delaware |
| v. | § § | No. 2017-0145-JRS |
| PINE RIVER MASTER FUND LTD.<br>and PINE RIVER FIXED INCOME<br>MASTER FUND LTD., | § § § § | |
| Plaintiffs-Below,<br>Appellees. | § § | |

Submitted: June 13, 2018
Decided: July 9, 2018

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

**O R D E R**

This 9th day of July 2018, after careful consideration of the parties' briefs, oral argument, and the record on appeal, it appears that the judgment of the Court of Chancery should be affirmed on the basis of and for the reasons stated in its October 12, 2017 Memorandum Opinion.[1]

---

[1] Justice Traynor concurs in the judgment, but on a different reading of the Credit Agreement than the Court of Chancery's. In his view, Amur Finance IV's periodic transfers to Amur Finance Company of dividends it received on shares of a third-party company that Amur Finance Company had given it to hold—purportedly pursuant to an agreement the two companies negotiated prior to the Credit Agreement—were not, as the Court of Chancery said, prohibited "distributions in respect of [Amur Finance IV's] equity interests" within the meaning of § 5.07(d) of the Credit Agreement or prohibited "transactions" with an affiliate within the meaning of § 5.07(f), but rather were prohibited "payments" to an affiliate under § 5.07(f).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery be AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice